IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM A. FRIZZELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-CV-3181 |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Plaintiff William Frizzell's Motion for Attorney's Fees under the Equal Access to Justice Act and for Entry of Final Judgment Order (d/e 24) (Motion for Attorney's Fees) and the Defendant Michael Astrue, Commissioner of Social Security's Motion to Strike (d/e 30).  In an Opinion (d/e 22), dated March 19, 2010, this Court granted summary judgment in favor of Frizzell and remanded the matter for further administrative proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).  Judgment (d/e 23) was entered the same day.  On May 20, 2010, Frizzell filed the instant Motion for Attorney's Fees, seeking an award

of fees under 28 U.S.C. § 2412.[1]  For the reasons set forth below, the Motion to Strike is denied, and the Motion for Attorney's Fees is allowed, in part, and denied, in part.

A.  Motion to Strike

Subsequent to Frizzell's filing of the Motion for Attorney's Fees, the Court ordered supplemental briefing concerning the timeliness of Frizzell's Motion. <u>Text Order, dated July 14, 2010</u>.  Accordingly, the Defendant filed his Response to Court's Order Concerning the Timeliness of Plaintiff's Motion for Attorney Fees (d/e 28) and Frizzell filed a Memorandum on Timeliness and Ratliff (d/e 29).  The Defendant then filed the pending Motion to Strike, asserting that Frizzell's Memorandum (d/e 29) inappropriately exceeded the scope of the supplemental briefing directed by the Court.

Defendant concedes and the record supports a finding that Frizzell's Motion for Attorney's Fees was timely filed.  Defendant objects to additional argument regarding the appropriate recipient of any fee award, as well as the proposed order attached to d/e 29.  See <u>Memorandum on Timeliness</u>

---

[1] Although the caption of Frizzell's Motion for Attorney's Fees indicates a request for entry of a final judgment order, the body of the motion does not address this issue. The Court notes that judgment was entered in accordance with Fed. R. Civ. P. 58 on May 20, 2010.

and Ratliff, p. 4.  Defendant characterizes Frizzell's submission as an attempt to contradict the Supreme Court's recent decision in Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

The Court declines to strike d/e 29.  The Court will consider all applicable case law in ruling on the Motion for Attorney's Fees.  Clearly, the Court is bound to follow the express terms of binding precedent, rather than any characterization made by Plaintiff Frizzell.  Indeed, Plaintiff's Response to Motion to Strike (d/e 31) requests that any fee award be paid directly to Frizzell, rather than to Plaintiff's counsel, negating any prior argument to the contrary.  Defendant's Motion to Strike is denied.

B.  Motion for Attorney's Fees

Under the Equal Access to Justice Act (EAJA),

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Defendant argues that an EAJA fee award is not appropriate in the instant case because his position was substantially justified. The Court agrees.

Defendant bears the burden of proving that both the agency's pre-litigation conduct and its subsequent litigation position were substantially justified. Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). "A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." Id. (citing cases). As the Seventh Circuit has recently instructed, "Between frivolous and meritorious lie cases that are justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person [and hence has a] reasonable basis both in law and fact. The case must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." United States v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 381-82 (7th Cir. 2010).

In the March 19, 2010 Opinion, the Court determined that remand was necessary because there was a disparity between the hypothetical presented to the vocational expert and Frizzell's residual functional

capacity (RFC) as ultimately determined by the ALJ, and thus, the ALJ's determination that Frizzell could perform the surveillance system monitor and circuit board screener positions with the RFC as stated in the decision was lacking in evidentiary support.  The ALJ asked the vocational expert to consider an individual of Frizzell's age, education, and experience who was limited to unskilled, light work, the use of only his non-dominant hand, and only occasional contact with the public, coworkers, and supervisors.  Social Security Transcript (d/e 14) (A.R.) at 335-36.  In rendering his order, the ALJ concluded that Frizzell retained the RFC to perform light work, with the following restrictions: (1) Frizzell cannot lift more than twenty pounds maximum and ten pounds frequently; (2) he has use of only his right, non-dominant arm; (3) he is limited to simple tasks with one and two step instructions; and (4) he can have only occasional contact with the public, co-workers, and supervisors. A.R. at 209.  The disparity between the two RFCs is slight; the RFC posed to the vocational expert limited Frizzell to unskilled work, while the ALJ ultimately determined that Frizzell was limited to simple tasks with one and two step instructions.  However, the Court determined that, given a lack of other relevant record evidence, this disparity necessitated remand pursuant to Sentence 4 of § 405(g).

A remand does not necessarily entitle a claimant to attorneys' fees; the EAJA by its express terms does not require a fee award to every prevailing party.  See Thouvenot, 596 F.3d at 386-87; 28 U.S.C. § 2412(d)(1)(A).  Given the slight nature of the variation, it is clear that the Commissioner's pre-litigation conduct was substantially justified.  Remand was necessary because the record was not fully developed.  There is nothing to indicate that the Commissioner was acting carelessly or in an oppressive fashion in denying Frizzell's request for benefits.  Thus, the Court turns its attention to Defendant's litigation position.

Reasonable minds could differ about the necessity of a remand in the instant case.  Remand was based on narrow grounds, a slight difference between the RFC presented to the vocational expert and the RFC as ultimately determined by the ALJ.  While the Court declined to hold that unskilled work was synonymous with simple tasks with one and two step instructions, Defendant made the reasonable argument that they should be deemed as such based on many shared qualities in their definitions. Additionally, Defendant reasonably argued that the Court could apply the Dictionary of Occupational Title (DOT) listings for the positions identified by the vocational expert to conclude that the jobs fell within Frizzell's RFC,

despite the vocational expert's testimony that he was basing his opinion on personal observation that diverged from the DOT listings.  See Opinion, dated March 19, 2010, p. 19.  Again, there is nothing to indicate that Defendant was being careless or oppressive in defending the decision to deny Frizzell benefits.  Because Defendant's pre-litigation conduct and litigation positions were substantially justified, Frizzell is not entitled to an award of attorney's fees under § 2412(d)(1)(A).  The Motion for Attorney Fees is denied in this respect.

Frizzell also seeks an award of costs, in the amount of $350.00, which represents his filing fee.  Motion for Attorney's Fees, p. 5-6 & Ex. A, p. 4. The Defendant does not object to an award of costs, and Frizzell is entitled to recover costs under 28 U.S.C. § 2412(a)(1).  Thus, the Motion for Attorney's Fees is allowed as it relates to costs.

THEREFORE, as set forth above, Defendant's Motion to Strike (d/e 30) is DENIED.  Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and for Entry of Final Judgment Order (d/e 24) is ALLOWED, in part, and DENIED, in part.  The Court awards costs in the amount of $350.00 in favor of Plaintiff William Frizzell and against

Defendant Michael Astrue, Commissioner of Social Security.  The Motion for Attorney's Fees is DENIED in all other respects.

IT IS THEREFORE SO ORDERED.

  ENTER:  August 26, 2010

    FOR THE COURT:

             _____s/ Byron G. Cudmore_____
                BYRON G. CUDMORE
             UNITED STATE MAGISTRATE JUDGE